JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CIV 441

THOMAS D. WOODHAMS and CHARLENE CONNORS, individually and on Behalf of all Others similarly situated,

Plaintiffs,

- against -

ALLSTATE FIRE AND CASUALTY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

Defendants.

Civil Action No.: 10 Civ. 441

NOTICE OF REMOVAL

RECEIVED
JAN 19 2010
U.S.D.C. S.D.N.Y.
CASHIERS

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1453, Defendants Allstate Fire and Casualty Insurance Company ("Allstate Fire"), Allstate Insurance Company ("Allstate Insurance"), Allstate Indemnity Company ("Allstate Indemnity") and Allstate Property & Casualty Insurance Company ("Allstate Property")(collectively, the "Defendants") hereby remove to this Court the state court action herein on the grounds set forth below:

1. On January 5, 2009, Plaintiffs filed a summons entitled *Thomas D. Woodhams and Charlene Connors v. Allstate Fire and Casualty Company,* Index No. 100054/09 in the Supreme Court of the State of New York, County of New York. No complaint was filed at that time. The summons did not indicate that a class action was being pursued. The summons stated that if a responsive pleading was not filed in accordance with the rules after service, a default judgment of $50,000 would be sought. It was served upon Allstate Fire on May 15, 2009.

Counsel for Allstate Fire served upon Plaintiffs' counsel a Demand for Complaint, Demand for Index Number and Proof of Compliance with CPLR § 306(a), and Revocation of Consent to Service by Facsimile on November 30, 2009. On December 18, 2009, Thomas D. Woodhams and Charlene Connors ("plaintiffs") filed a supplemental summons and putative Class Action Complaint in the Supreme Court of the State of New York, County of New York, entitled *Thomas D. Woodhams and Charlene Connors, individually and on behalf of all others similarly situated v. Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company,* Index No. 100054/09. Defendants first received a copy of Plaintiffs' supplemental summons and Class Action Complaint on December 21, 2009 from which it could be first ascertained that the case is one which is or has become removable. This Notice of Removal is timely filed in accordance with 28 U.S.C. §§ 1446 and 1453(b).

2. Plaintiffs are citizens of New York residing at 287 Bulls Sawmill Road, Honeoye Falls, New York. They allege that they were and are insured under an Allstate homeowners policy (the policy was issued by Allstate Indemnity) and submitted a claim for a fire loss in January 2007. (Complaint, ¶¶ 11, 67.) Plaintiffs allege that Allstate paid a portion of their claim, but refused to pay an additional $58,000 for the replacement cost of the loss because Plaintiffs could not complete the repairs within 180 days of Allstate's payment of the actual cash value of the loss. (*Id.*, ¶ 67.) Plaintiffs allege that Defendants have written and interpreted their homeowners insurance policies and Building Structure Reimbursement Extended Limits Endorsement to require the insured to complete all repairs and replacement of damaged property within a 180-day period of Defendants' actual cash value payment to receive additional reimbursement for replacement costs. (*Id.*, ¶ 4.) Plaintiffs allege that Defendants' policies and interpretation violate New York insurance law and the terms of the insurance contract.

3. Plaintiffs bring this action on behalf of a purported class of "all persons/entities who were/are insured [by Defendants] under property insurance issued on properties located in the state of New York which include replacement cost coverage under either the standard replacement cost coverage... and/or under Allstate's Building Structure Reimbursement Extended Limits Endorsement... from December 20, 2003 to date." (Compl. ¶ 1.) Plaintiffs further allege two Subclasses consisting of (1) "class members who made covered property damage claims to [Defendants] but to whom [Defendants] refused to make payment for full replacement value...because the insured property was not completely repaired or replaced within a period of 180 days ..." of the actual cash value payment and (2) class members "who paid premiums for extended limits benefits ... but to whom [Defendants] refused to make payment for extended limits because the insured property was not completely repaired or replaced within a period of 180 days..." of the actual cash value payment. (*Id.*, ¶ 2.)

4. The Complaint purports to allege causes of action for, *inter alia*, breach of contract, fraud, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and violation of Section 349 of New York's General Business Law. (Compl. ¶¶ 78-138.)

5. The Complaint names as defendants Allstate Fire, Allstate Insurance, Allstate Indemnity and Allstate Property. Allstate Fire, Allstate Insurance, Allstate Indemnity and Allstate Property are each Illinois corporations with its principal place of business in Northbrook, Illinois. (Complaint, ¶ 12.)

6. Pursuant to 28 U.S.C. § 1446(a), Allstate has attached all pleadings filed and served upon it in the state court proceedings as Exhibit A. A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Supreme Court of the State of New York, County of New York, in accordance with the provisions of 28 U.S.C. § 1446(d).

7. Plaintiff's Class Action Complaint is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because, as discussed below, this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is complete diversity.

**This Court has Jurisdiction Over This Action Under CAFA.**

8. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expands federal jurisdiction over class actions, and expressly provides that class actions filed in state court are removable to federal court where (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *accord N.J. Carpenters Vacation Fund v. Harborview Mortgage Loan Trust,* 581 F.Supp.2d 581, 584-585 (S.D.N.Y. 2008).

9. This suit satisfies all the requirements under CAFA for federal jurisdiction. Based upon the allegations in the Complaint: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from some defendants; (3) the amount in controversy exceeds $5,000,000; and (4) the exceptions to CAFA jurisdiction do not apply here. 28 U.S.C. § 1332(d).

**A. The Putative Class Exceeds 100 Members.**

80. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here because the Complaint alleges that the persons in the

putative class and subclass number in the "thousands" of persons and spans a period of approximately six years. (Compl. ¶ 15.)

**B. Minimal Diversity Exists.**

91. The second CAFA requirement is minimal diversity — at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2).

102. As the alleged class is brought on behalf of New York property owners insured by Defendants, and the named Plaintiffs are New York citizens. Accordingly, the putative class contains at least some members who are citizens of the State of New York. (Complaint, ¶ 1.) Defendants are incorporated under the laws of the State of Illinois, have their principal places of business in Illinois, and thus are citizens of Illinois for diversity purposes. (*See* 28 U.S.C. § 1332(c)(1). Accordingly, there is minimal diversity here. 28 U.S.C. § 1332(d)(2).

**C. The CAFA Amount In Controversy Requirement Is Satisfied.**

113. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). To satisfy its burden on removal, Allstate need only establish to "a reasonable probability" that the amount in controversy is satisfied. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).[1] The court should look "first to the complaint, and then to the petition for removal" in evaluating the jurisdictional amount. *AVA Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F.Supp.2d 522, 527 (S.D.N.Y. 2008). The Second Circuit has held that punitive damages may be considered in determining the amount in controversy. *See e.g., A.F.A. Tours Inc. v. Whitchurch,*

[1] The Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. No. 109-14, at 42 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

937 F.2d 82, 87 (2d Cir. 1991) ("if punitive damages are permitted under controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied"). Here, based upon plaintiffs' allegations and theories (which Allstate disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is satisfied.

124. Defendants estimate that the size of the putative class would be at least 200,000 policyholders, based upon the number of the number of New York homeowners' policies in active or canceled status as of January 1, 2010 that were originally written by one of the Defendants in 2004 or later. Plaintiffs allege that "plaintiffs and Class members have been deprived and cheated of hundreds of millions of dollars of coverage which they paid for and which was part of the property damage coverage marketed and sold by Allstate to plaintiffs and class members." (Complaint, ¶¶ 61, 129.) Plaintiffs also seek punitive damages "of at least $1,000,000,000.00 (One Billion Dollars)." (*Id.*, Prayer for Relief, No. 5.) With regard to the subclasses of insureds who allegedly were underpaid on their claims, Plaintiffs allege that they suffered more than $58,000 in damages (*Id.*, ¶ 67), and that plaintiffs' claims are "typical" of the class and subclass members. (*Id.*, ¶ 18.). Plaintiffs' alleged underpayment, and the alleged underpayment of six other "confidential" insureds (ranging from $11,000 to $80,000), averages $45,700. (*Id.*, ¶¶ 67, 70, 71, 72, 73, 75, 76.) With an average underpayment of only $20,000, the amount in controversy would exceed $5,000,000 with a subclass of only 250 members; with an average underpayment of only $11,000, the amount in controversy would exceed $5,000,000 with a subclass of only 455 members. Plaintiffs allege that there are "thousands" of subclass members. (*Id.*, ¶ 15.)

135. Plaintiff also seeks attorneys' fees in this case under their New York General Business Law Section 349 claim in Count VIII. (Complaint, ¶¶ 18, 38.) Attorneys' fees are

properly considered as part of the amount in controversy when those fees are recoverable "as a matter of right." *See e.g. Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *vacated on other grounds,* 409 U.S. 56 (1972). Allstate does not concede that attorneys' fees are appropriate in this case, but given Complaint's class allegations, assuming they are permitted, the potential attorneys' fees in this case are substantial.

146. Finally, Plaintiffs' seek a declaratory relief, the value of which must be applied to the total amount in controversy. *See e.g., DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 276 (2d. Cir. 2006). Plaintiffs seek a declaration that an insured need not complete repair or replacement of the damaged property within the 180 day period in order to recover the benefits of the replacement cost coverage and/or the extended limits endorsement. Plaintiffs allege that the value of such coverage is worth "hundreds of millions of dollars." (Complaint, ¶¶ 61, 129.)

157. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is readily met here.

**D. The Exceptions to CAFA Do Not Apply.**

168. As a threshold matter, the Second Circuit has held that Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *See Blockbuster,* 472 F.3d at 58.

19. CAFA provides two mandatory exceptions to the application of federal jurisdiction and one discretionary exception. 28 U.S.C. §1332(d)(3)-(4). In this case, it is clear that none of these exceptions apply. Each of the CAFA exceptions requires, as a starting point, an in-state Defendant. 28 U.S.C. §1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant ("local controversy" exception) or requiring the "primary defendant" be in-state ("home state" and "discretionary" exceptions to CAFA)). Here, all of the

Allstate entities named are citizens of Illinois. As such, none of the CAFA exceptions can possibly apply.[2]

[2] The CAFA exceptions would fail for a other reasons as well and Allstate reserves its right to assert all other arguments should Plaintiffs raise CAFA exceptions in a motion to remand.

WHEREFORE, Defendants respectfully requests this Court assume full jurisdiction over this action.

Dated: January 19, 2010

Respectfully Submitted,

By: [signature]

Benito Delfin, Jr. (BD-1216)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

Robert H. King, Jr.
Ramji Kaul
SONNENSCHEIN NATH & ROSENTHAL LLP
233 S. Wacker Drive
Suite 7800
Chicago, Illinois 60606
Phone: (312) 876-8000
Facsimile: (312) 876-7934

*Attorneys for Defendants Allstate Fire and Casualty Company, Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company.*

14836336