

MANDATE

10-4389-cv
Woodhams v. Allstate Fire & Cas. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

1:10-cv-00441-JGK

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 24, 2012

------------------------------------------------------------------------

THOMAS D. WOODHAMS, CHARLENE CONNORS,
          *Plaintiffs-Appellants*,

          v.                          No. 10-4389-cv

ALLSTATE FIRE AND CASUALTY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,
          *Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      JONATHAN J. WILKOFSKY, (Olimpio L. Squitieri, Garry T. Stevens, Jr., Squitieri & Fearon, LLP, Mark Friedman, Wilkofsky, Friedman, Karel & Cummins, *on the brief*), Wilkofksy, Friedman, Karel & Cummins, New York, New York.

APPEARING FOR APPELLEES:       ROBERT H. KING (Benito Delfin, Jr., *on the brief*), SNR Denton US LLP, New York, New York.

MANDATE ISSUED ON 01/24/2012

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2010, is AFFIRMED.

Plaintiffs Thomas D. Woodhams and Charlene Connors appeal the dismissal of their putative class-action complaint for failure to state a claim against defendants Allstate Fire and Casualty Company, Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property and Casualty Insurance Company (collectively, "Allstate").[1]  See Fed. R. Civ. P. 12(b)(6).  We review a judgment of dismissal <u>de novo</u>, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiffs.  See <u>Goodrich v. Long Island R.R. Co.</u>, 654 F.3d 190, 192–93 (2d Cir. 2011).  Further, we may consider exhibits attached to the complaint or referenced therein.  See <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010).  To survive a motion to dismiss, a complaint must, on its face, plead a plausible claim for relief, which means it must plead facts sufficient to permit the court "'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  <u>Hill v. Curcione</u>, 657 F.3d 116, 122 (2d Cir.

---

[1] Defendants Allstate Fire and Casualty Company and Allstate Property and Casualty Insurance Company contend that they were never alleged to have insured plaintiffs and, therefore, plaintiffs cannot state a claim against them.  Because the claims in the complaint are alleged against each Allstate company without distinction, and because we affirm on the ground that plaintiffs fail to state a claim for relief against any defendant, we do not address this argument.  See <u>Chandok v. Klessig</u>, 632 F.3d 803, 813 (2d Cir. 2011) ("[W]e may affirm on any ground for which there is support in the record.").

2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).  In applying these principles, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Plaintiffs' various contract and tort claims challenge Allstate's interpretation and enforcement of that part of a form insurance contract, "Allstate Deluxe Policy AP 316," obligating Allstate to reimburse a policyholder for replacement or repair costs to property damaged in a fire.[2]  Following fire damage to their home, plaintiffs filed a claim with Allstate

---

[2] The pertinent policy language states:

b)      Actual Cash Value

If you[, the insured,] do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis.  This means there may be deduction for depreciation.  Payment will not exceed the limit of liability shown on the Policy Declarations for the coverage that applies to the damaged, destroyed or stolen property, regardless of the number of items involved in the loss.

You may make claim for additional payment as described in paragraph c . . . if you repair or replace the damaged, destroyed or stolen covered property within 180 days of the actual cash value payment.

c)      Building Structure Reimbursement

. . . [W]e will make additional payment to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered property within 180 days of the actual cash value payment.  This additional payment includes the reasonable and necessary expense for treatment or removal and disposal of contaminants, toxins or pollutants as required to complete repair or replacement of that part of a building structure damaged by a covered loss.

Compl. ¶ 48; id. ex. A at 42, 44.

3

and received the actual cash value of their damaged property, but Allstate denied plaintiffs additional reimbursement for repairs because the repairs were not made within 180 days of the actual cash value payment.[3]

Each of plaintiffs' claims depends on their assertions that (1) Allstate's policy is inconsistent with New York law, and (2) Allstate's denial of payments for repairs in excess of the damaged property's actual cash value is inconsistent with the terms of the insurance policy.  Like the district court, we conclude that these claims fail as a matter of law. Accordingly, we affirm the dismissal of plaintiffs' complaint.

1.   New York Law

New York law establishes that, as a baseline minimum, a fire insurance policy must afford coverage:

TO THE LESSER AMOUNT OF EITHER:

1) THE ACTUAL CASH VALUE OF THE PROPERTY AT THE TIME OF THE LOSS, OR

2) THE AMOUNT WHICH IT WOULD COST TO REPAIR OR REPLACE THE PROPERTY WITH MATERIAL OF LIKE KIND AND QUALITY WITHIN A REASONABLE TIME AFTER SUCH LOSS, WITHOUT ALLOWANCE FOR ANY INCREASED COST OF REPAIR OR RECONSTRUCTION BY REASON OF ANY ORDINANCE OR LAW REGULATING CONSTRUCTION OR REPAIR, AND WITHOUT COMPENSATION FOR LOSS RESULTING FROM INTERRUPTION OF BUSINESS OR MANUFACTURE, OR

---

[3] Plaintiffs allege that they are entitled to $58,000 in additional payments, representing the difference between the actual cash value payment received and the cost of repairs incurred.

4

    3) TO AN AMOUNT NOT EXCEEDING _____ DOLLARS, . . . .

N.Y. Ins. Law § 3404(e); see id. § 3404(f)(1)(A) (mandating that insurance policy contain, "with respect to the peril of fire, terms and provisions no less favorable to the insured than those contained in the standard fire policy," as set forth in § 3404(e)).

    Plaintiffs submit that Allstate's fire insurance policy runs afoul of the law by requiring repairs to be completed within 180 days, which does not allow insureds "a reasonable time after such loss" to repair or replace their property. Id. § 3404(e). This argument ignores the fact that New York requires only that an insurer pay the "lesser amount" of the actual cash value of the property, the cost of repair or replacement, or an otherwise fixed limitation-of-liability amount. See id. Because Allstate paid plaintiffs the actual cash value of their property at the time of loss, which was allegedly less than the full value of repairs, Allstate satisfied its statutory obligation to provide "no less favorable" coverage than that set forth in § 3404(e). Id. § 3404(f)(1)(A). Indeed, at oral argument before the district court, plaintiffs conceded that, by permitting insureds to recover the actual cash value and additional costs for repairs, Allstate's coverage was more favorable than New York requires. The purported unreasonableness of the time for repair and replacement allowed by the Allstate policy thus cannot support plaintiffs' claims that Allstate's policy fails to satisfy New York insurance law.

    Insofar as plaintiffs argue that Allstate did not, in fact, pay the actual cash value of their property—because it paid only for the property that was damaged, rather than the actual cash value of the entire property—this argument was not raised before the district court and,

5

therefore, we deem it waived.  See In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 255 n.8 (2d Cir. 2011).  In any event, the argument fails on the merits.  The "property" referred to in § 3404(e) is only property damaged by fire; it does not include undamaged property for which there has been no loss.  Plaintiffs' urged interpretation of New York law to demand compensation for the latter would be contrary to the fundamental purpose of insurance, which is to make the insured whole following loss.  Under their interpretation, an insured could potentially be compensated for property that was never damaged, resulting in a windfall.  See Incardona v. Home Indem. Co., 60 A.D.2d 749, 749, 400 N.Y.S.2d 944, 945 (4th Dep't 1977) ("The purpose of an action on a fire insurance policy is to attempt to put the insured in as good a position as he would have been had no fire occurred, by awarding him the actual cash value of the property lost or damaged."); accord SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 381 F. Supp. 2d 250, 258 (S.D.N.Y. 2005).  The conclusion is only reinforced by the use of the word "property" in the second enumerated provision of the statute, referencing compensation for "the amount which it would cost to repair or replace the property with a material of like kind and quality."  N.Y. Ins. Law § 3404(e) (emphasis added).  This clearly refers to property that was damaged and is, therefore, in need of repair or replacement.  Under New York law, "where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout, and the same meaning will be attached to similar expressions in the same or a related statute."  N.Y. Stat. Law § 236; accord Bankers Trust Corp. v. N.Y. City Dep't of Fin., 301 A.D.2d 321, 332, 750 N.Y.S.2d 29, 38 (1st Dep't 2002).  Thus, the use of the

word "property" in the provision of the statute referencing compensation for "the actual cash value of the <u>property</u> at the time of the loss," N.Y. Ins. Law § 3404(e) (emphasis added), presumptively refers to the insured's damaged property.  Because plaintiffs have failed to rebut that presumptive interpretation, this part of their statutory argument would fail even if it had not been waived.

2.    <u>Policy Terms</u>

Plaintiffs submit that Allstate failed to comply with the terms of its policy or, at a minimum, that the policy is sufficiently ambiguous to warrant plaintiffs' claims being decided by a factfinder.  We disagree.

Under New York law, an insurance policy is treated as a contract and construed in accordance with contract principles.  Thus, where policy language is unambiguous, we enforce it according to its plain meaning.  <u>See</u> <u>Cont'l Ins. Co. v. Atl. Cas. Ins. Co.</u>, 603 F.3d 169, 180 (2d Cir. 2010).  Allstate's policy states that it will "reimburse" an insured for repair costs, provided that the insured "repair[s], rebuild[s] or replace[s] damaged, destroyed or stolen covered property within 180 days of the actual cash value payment."  Compl. ¶ 48; <u>id.</u> ex. A at 44.  Like the district court, we conclude that the use of the word "within" plainly operates as a limitation on the time an insured has to repair, rebuild, or replace the damaged property in order to receive the additional reimbursement from Allstate.

Plaintiffs nevertheless argue that this provision could reasonably be interpreted to mean that an insured need only commence or undertake repairs within 180 days of the actual cash value payment in order to receive the additional reimbursement for full repair costs,

regardless of when those repairs are completed.  In support, plaintiffs emphasize the absence of the word "complete" from the sentence regarding the conditions of Allstate's reimbursement, and the inclusion of the word in the following sentence, which reads, "This additional payment includes the reasonable and necessary expense for treatment or removal and disposal of contaminants, toxins or pollutants as required to <u>complete</u> repair or replacement of that part of a building structure damaged by a covered loss."  Compl. ¶ 48; <u>id.</u> ex. A at 44 (emphasis added).  Plaintiffs submit that Allstate's omission of the word "complete" in the phrase at issue was deliberate and supports an inference that the policy contemplates reimbursement of insureds for the full costs of repairing damaged property, without any limitation on when repairs are finished, so long as repairs are undertaken within the 180-day window.

The point merits little discussion because plaintiffs do not allege that they undertook any repair, rebuilding, or replacement of damaged property within 180 days of the actual cash value payment.[4]  Rather, they offer an explanation for why they could not do so: "[I]t took six months for a building permit to be issued and a road construction project caused

---

[4]  In urging otherwise at oral argument, plaintiffs pointed to a letter from the New York State Insurance Department ("NYSID") referencing plaintiffs' claim that they had purchased building materials within the 180-day window.  Plaintiffs, however, neither pleaded those facts nor attached the NYSID letter to the complaint.  Further, the document is not "integral" to the complaint because the complaint does not "rel[y] heavily upon its terms and effect."  <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted).  In sum, because the letter is not part of the pleadings, we do not decide whether the purchase of materials with which to perform repairs is sufficient, by itself, to evidence the commencement of repairs, and whether commencement is sufficient to state a claim under the insurance contract at issue and New York law.

additional delay." Compl. ¶ 67. However understandable these reasons for delay in the undertaking of repairs, plaintiffs can point to no policy language obligating Allstate to reimburse for repairs not yet commenced—let alone completed—within the 180-day period. In sum, even if we were to identify ambiguity in the language creating the temporal limitation and to assume that it could be construed at trial to reference the undertaking rather than completion of repairs, plaintiffs fail to plead their satisfaction of even that obligation.

The cases that plaintiffs cite in urging reversal are not to the contrary. Those decisions either do not address the meaning of this particular Allstate policy, see Palmieri v. Allstate Ins. Co., 445 F.3d 179, 191–92 (2d Cir. 2006) (holding that different policy language regarding 180-day limitation period was ambiguous and unenforceable), or are dicta to the extent they state that an insured need only commence repairs within 180 days to be reimbursed, see Caroselli v. Allstate Prop. & Cas. Ins. Co., No. 10-cv-1671, 2010 WL 3239356, at *6 (E.D. Pa. Aug. 16, 2010) (holding that insured was not entitled to reimbursement because "he failed to even allege that he repaired or replaced the home"). Further, because the language of the Allstate policy is unambiguous, we do not consider the extrinsic evidence—for example, of different Allstate policies explicitly providing that repairs must be "completed" before reimbursements are paid, see, e.g., Fraley v. Allstate Ins. Co., 81 Cal. App. 4th 1282, 1286–87, 1290 (2000)—that plaintiffs marshal in support of their interpretation. See Madison Ave. Leasehold, LLC v. Madison Bentley Assocs., 8 N.Y.3d 59, 66, 828 N.Y.S.2d 254, 258 (2006) (stating parol evidence rule).

In sum, we conclude that plaintiffs fail to state a claim that Allstate breached the terms of its policy when it did not reimburse plaintiffs for repair costs incurred more than 180 days after receipt of the actual cash value payment.

3.   <u>Conclusion</u>

All of plaintiffs' claims hinge on their assertions that Allstate's policy violates New York law and that Allstate acted in derogation of the policy's terms.  Those assertions fail as a matter of law in light of the insurance policy's plain meaning, and the complaint therefore fails to state a claim for relief.  We have considered plaintiffs' remaining claims and find them to be without merit.  Further, we deny plaintiffs' motion for certification to the New York Court of Appeals because this case does not present a determinative question of New York law for which no controlling precedent exists.  <u>See</u> <u>NML Capital v. Republic of Argentina</u>, 621 F.3d 230, 243 (2d Cir. 2010) (setting forth standard for certification to New York Court of Appeals).

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10